IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN T. KUTZER,<br><br>    Petitioner,<br><br>  v.<br><br>ROSEANNE CAMPBELL,<br><br>    Respondent.<br>_____ | No. C 05-3212 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

## BACKGROUND

In 2000, in Humboldt County Superior Court, petitioner pled guilty to two counts of lewd and lascivious conduct with a minor. He was sentenced to a term of 15 years to life in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied review. His habeas petitions to the California Superior Court and California Supreme Court were denied.

## DISCUSSION

A.   <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Legal Claims

Petitioner claims that (1) after he had pled guilty and was sentenced, he discovered a police report that was favorable to him and that had not been disclosed to him previously, and that, had he been aware of such report, he would not have pled guilty; (2) his counsel provided ineffective assistance because he "coerced" petitioner into accepting an ill-advised plea bargain; (3) the prosecutor committed misconduct in failing to disclose the above-described evidence to petitioner; and (4) the prosecutor's joinder of two counts of lewd and lascivious conduct with a minor violated his right to due process.

Petitioner's first, third and fourth claims are not cognizable because they allege constitutional deprivations that occurred prior to his guilty plea.  A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before such plea was entered.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding guilty plea forecloses consideration of pre-plea constitutional deprivations).  Indeed, the only challenges left open in federal habeas corpus after a defendant, such as petitioner, enters a guilty plea pursuant to the advice of counsel is that the advice he received from counsel to plead guilty was outside the range of competence demanded of attorneys in criminal cases.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Here, in petitioner's first, third and fourth claims, petitioner does not challenge the advice of his counsel to enter the guilty plea.  Rather, petitioner challenges the failure to disclose to him a police report that allegedly was favorable to him, as well as the joinder of two counts of lewd and lascivious conduct.  As these alleged constitutional violations occurred prior to petitioner's entry of a guilty plea, he cannot raise them in a federal habeas petition.  See e.g. Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994)

(refusing to consider alleged pre-plea constitutional violation based on counsel's failure to attempt to prevent use of confession).  Accordingly, petitioner's first, third and fourth claims fail to set forth cognizable grounds for federal habeas relief.

Petitioner's second claim, liberally construed, challenges the advice of his counsel to plead guilty, and as such, states a cognizable claim for relief.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Petitioner's first, third and fourth claims are DISMISSED, for the reason that such claims fail to set forth a basis for federal habeas relief.

2. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's second claim, described above.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 3-11.

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

8. Petitioner's application for leave to proceed in forma pauperis is GRANTED, based on petitioner's lack of funds.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: October 25, 2005

_____
MAXINE M. CHESNEY
United States District Judge