IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN T. KUTZER,<br><br>    Petitioner,<br><br>  v.<br><br>ROSEANNE CAMPBELL,<br><br>    Respondent.<br>_____ | No. C 05-3212 MMC (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS; ORDER TO SHOW CAUSE**<br><br>(Docket No. 8) |

On August 8, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court found petitioner's second claim, that he received ineffective assistance of counsel based on counsel's advice that he plead guilty, to be cognizable.[1] The Court ordered respondent to file an answer showing cause why the petition should not be granted based on that claim, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

On December 22, 2000, petitioner pled guilty to one count of forcible lewd or lascivious acts with a child under the age of fourteen, and one count of lewd or lascivious acts with a child under the age of fourteen. On January 23, 2001, the trial court sentenced petitioner to state prison for two concurrent terms of fifteen years to life. Petitioner did not

---

[1] Petitioner's three other claims were dismissed because they failed to state a cognizable basis for relief.

file a direct appeal from his conviction and sentence. On February 19, 2004, petitioner filed a petition for a writ of habeas corpus in the Humboldt County Superior Court, which petition was denied on May 25, 2004. Thereafter, on June 14, 2004, petitioner filed a habeas petition in the California Court of Appeal, which petition was denied on July 28, 2004. Finally, petitioner filed a habeas petition in the California Supreme Court on August 17, 2004, which petition was denied on July 20, 2005.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Section 2244(d)(1)(A) sets forth the "general rule" that petitions challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."[2] Flanagan v. Johnson, 154 F.3d 196, 198 (9th Cir. 1998)

In the instant case, as noted, petitioner did not seek direct review of his conviction or sentence. Where a petitioner does not seek direct review of his conviction, the limitations period begins running the day after the date on which the time to seek such review expires. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). In California, a defendant has 60 days after the date of the superior court judgment in which to file an appeal to the California Court of Appeal. See Cal. Rule of Court 30(a)(1), 30.1. Here, the superior court judgment occurred on January 23, 2001, and thus the time for seeking direct review in the California Court of Appeal expired on March 26, 2001.[3] As a result, the limitations period commenced on March 26, 2001 and expired one year later, on March 26, 2002. The instant

---

[2] Under certain circumstances, §§ 2244(d)(1)(B)-(D) provide for the running of the limitations period on a later date than the date on which the judgment became final. Neither party contends, nor is there any apparent basis for finding, that §§ 2244(d)(1)(B)-(C) apply to the instant case. Petitioner does argue, however, that the commencement of the limitations period should be delayed pursuant to § 2244(d)(1)(D), which argument is discussed below.

[3] Respondent notes that March 24, 2001, the sixtieth day, fell on a Saturday, and therefore the final day is the following Monday, March 26, 2001.

2

petition is deemed filed on August 1, 2005,[4] well over three years after the limitations period had expired. Consequently, under § 2244(d)(1)(A), the instant petition would be untimely.

Petitioner argues, however, that the commencement of the limitations period should be delayed pursuant to § 2244(d)(1)(D). Section 2244(d)(1)(D) provides for a delay in the running of the one-year limitations period until the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under this provision, the limitations period begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (citations and internal quotations omitted). Here, petitioner argues the limitations period should be delayed until January 2004, because, according to petitioner, it was then that he reviewed the case file and first learned of the factual predicate of the claims in his petition.[5] Respondent argues that with the exercise of due diligence, petitioner could have obtained and reviewed his case file much earlier than January 2004, a date nearly three years after his conviction.

Petitioner offers an explanation as to why he did not review the case file until January 2004.[6] Specifically, petitioner states the following. After he was sentenced in January 2001, he requested that his defense counsel pursue an appeal on his behalf, and he assumed counsel

---

[4] A pro se federal habeas petition is subject to the "mailbox rule" set forth in Houston v. Lack, 487 U.S. 266, 276 (1988), under which the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). August 1, 2005, the date the petition was signed, is the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for purposes of this discussion that the petition was delivered to prison authorities on that date.

[5] Petitioner asserts that the factual predicate of his claims is contained in a police report favorable to the defense and in a letter written by defense counsel that demonstrates a conflict of interest.

[6] In his verified petition, petitioner sets forth the facts constituting his explanation, which facts will be considered as evidence. Cf. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (holding allegations in plaintiff's verified complaint should be treated as affidavit in opposition to motion for summary judgment to extent such allegations are based on plaintiff's personal knowledge and set forth specific facts admissible in evidence). Respondent does not dispute these facts in their motion or their reply.

3

had done so.[7]  In September 2003, he discovered that no appeal had been filed, and, consequently, requested and received the case file from counsel that same month.  He did not review the case file until January 2004, however, because his cell-mate had "an intense hatred" for inmates with child molestation charges, and he was afraid his cell-mate would discover he had such charges.  In January 2004, he moved in with a different inmate, at which time he reviewed the case file and learned of the factual basis for the claims presented herein.

Respondent argues that with due diligence petitioner could have discovered the factual predicate for his claims in 1998.  Respondent asserts that in 1998, at the preliminary hearing, the police report was "mentioned" by an officer, and that it was included in discovery turned over to defense counsel.  As to the preliminary hearing, however, there is only a brief reference to the report having been made, without any allusion to the report's allegedly exculpatory content.  (Resp.'s Ex. 6 at 31).  Consequently, petitioner could not have discovered the report's exculpatory nature from that passing comment.  With respect to discovery, assuming the report was included therein, petitioner's claim is that his attorney did not disclose the report to him at that time, or, for that matter, until he turned over the case file in September 2003; respondent points to no evidence to the contrary.  Finally, respondent makes no argument as to how petitioner could have discovered his attorney's alleged conflict of interest.  Consequently, respondent has not shown petitioner could have discovered the factual predicate of his claims in 1998.

Respondent next argues that petitioner has not accounted for his failure to request the case file before September 2003, approximately two years and eight months after he was sentenced.  As noted, petitioner explains that he had asked his attorney to file an appeal on his behalf; petitioner believed counsel had done so and, understanding that such appeals "can take years," he did not check with counsel earlier.  Respondent has cited no authority, and this Court is aware of none, suggesting that due diligence requires an inmate to monitor the progress of an appeal he has asked counsel to pursue.  In the absence of such authority, the

---

[7] In his opposition, petitioner states he had been told "appeals can take years."

4

Court finds petitioner, particularly given his incarcerated status, has adequately shown he acted reasonably in trusting that his lawyer was pursuing his requested appeal, and thus it was not for lack of diligence that he did not discover the factual predicate of his claims until September 2003. Consequently, pursuant to § 2244(d)(1)(D) and under the circumstances presented herein, the running of the limitations period did not begin until September 2003.

Although the instant petition was not filed until August 2005, nearly two years later, statutory tolling renders the petition timely. The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In California, the statute of limitations is tolled under § 2244(d)(2) from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge. Carey v. Saffold, 536 U.S. 214, 221-23 (2002). In this case, the statute of limitations was tolled between February 19, 2004, when petitioner filed his first state habeas petition in the California Superior Court, and July 20, 2005, when his last state habeas petition was denied by the California Supreme Court. Thus, approximately five months of the limitations period, which period commenced in September 2003, had expired when tolling began in February 2004, and approximately seven months of the limitations period remained at the time statutory tolling ceased in July 2005. As the instant petition was filed the following month, in August 2005, it is timely.[8]

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is DENIED.

Respondent shall file with the Court and serve on petitioner, within **60 days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claim in the petition. Respondent shall file with the answer and serve on

---

[8] In light of this finding, the Court need not address petitioner's additional arguments that the running of the limitations period could be further delayed under 28 U.S.C. § 2244(d)(1)(D), and that he should be excused from complying with AEDPA's statute of limitations because of his "actual innocence."

petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **30 days** of his receipt of the answer.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: September 7, 2006

_____
MAXINE M. CHESNEY
United States District Judge