IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN T. KUTZER, | No. C 05-3212 MMC (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| ROSEANNE CAMPBELL, | |
| Respondent. | **(Docket No. 27)** |

On August 8, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 25, 2005, the Court dismissed petitioner's first, third and fourth claims because they alleged constitutional violations that occurred prior to petitioner's entry of a guilty plea. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (holding guilty plea forecloses consideration of habeas claims based on pre-plea constitutional deprivations); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973).[1] Now before the Court is petitioner's motion for reconsideration of the Court's dismissal of his fourth claim, in which claim petitioner alleged the prosecutor's joinder of two counts of lewd and lascivious conduct with a minor violated his rights under the Fifth, Eighth and Fourteenth Amendments.

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See

---

[1] In its order of October 25, 2005, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's second claim, which the Court found to be cognizable. Thereafter, respondent's motion to dismiss the petition as untimely was denied, and respondent filed an answer in which he contends the petition should be denied. The petition is currently under submission to the Court for a decision on the merits of petitioner's second claim.

Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, petitioner requests that the Court reconsider the dismissal of his fourth claim in light of the recent decision by the United States Supreme Court in Cunningham v. California, 127 S. Ct. 856 (2007). In Cunningham, the Supreme Court held that California's determinate sentencing law violates the Sixth Amendment guarantee to a jury trial because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. Id. at 871. Petitioner did not assert in his fourth claim, or anywhere in his petition, that his sentence violated his Sixth Amendment right to a jury. Cunningham did not address the allegations raised in petitioner's fourth claim, namely, the assertedly improper joinder of charges in violation of the Fifth, Eighth and/or Fourteenth Amendments. As the decision in Cunningham does not address the Constitutional violations alleged in petitioner's fourth claim, the decision does not warrant reconsideration of the dismissal of said claim.[2]

Accordingly, the motion for reconsideration is hereby DENIED.

This order terminates Docket No. 27.

IT IS SO ORDERED.

DATED: April 19, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] If petitioner wishes to assert in federal court a new claim based on Cunningham, he first must exhaust such claim in the state courts. See 28 U.S.C. 1997e.