IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN T. KUTZER, | ) | No. C 05-3212 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS;** |
| v. | ) ) | **DENYING PETITIONER'S MOTION TO FILE AMENDED PETITION** |
| ROSANNE CAMPBELL, Warden, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | (Docket No. 31) |

On August 8, 2005, petitioner Calvin Kutzer, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his plea agreement. In response to the Court's order directing respondent to show cause as to why relief should not be granted as to the sole cognizable claim of ineffective assistance of counsel, respondent has filed an answer and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**BACKGROUND**

Petitioner sexually molested his stepdaughter and her friend. In 2000, facing twenty-six counts of child molestation, petitioner pleaded guilty to one count of forcible child molestation (Cal. Pen. Code § 288(b)(1)), one count of nonforcible child molestation (Cal. Pen. Code § 288(a)) and admitted allegations justifying the imposition of sentencing

enhancements (Cal. Pen. Code §§ 1203.066(a)(1), (a)(8), 667.61(b)(e)(5)).  (Ans. Ex. 4 (Adult Probation Officer's Report) at 10; Ex. 3 (Reporter's Transcript of Plea Entry Hearing, 12/22/00) at 2, 4, 8, 11, 13.)  In 2001, the Humboldt County Superior Court (hereafter, "Superior Court") sentenced petitioner to two concurrent terms of fifteen years-to-life in state prison. (Ans. Ex. 5 (Reporter's Transcript of Sentencing Hearing,1/22/01) at 31-33.)

In 2004 and 2005, petitioner filed state habeas petitions, all later denied, in the California Superior Court, Court of Appeal, and Supreme Court, alleging that, inter alia, he received ineffective assistance of counsel and that new evidence had been discovered.  (Pet. at 3-4.)[1]

Petitioner filed the instant federal habeas petition in 2005, alleging four claims for relief, including ineffective assistance of counsel and prosecutorial misconduct.  The Court, in its order to show cause, concluded that three of the four claims were not cognizable in a federal habeas petition, and that petitioner could proceed only with his claim of ineffective assistance of counsel.  Petitioner filed a motion for reconsideration, which the Court denied. Thereafter, respondent filed a motion to dismiss on the ground the petition was untimely; the Court denied the motion.  The Court also denied petitioner's motion for default judgment.

Subsequently, respondent filed an answer to the petition and petitioner filed a traverse. In December 2007, petitioner, after having filed his traverse and without leave of Court, filed an "Amendment To" his petition, adding a claim that the trial court's imposition of a sentencing enhancement violated his rights under the Sixth and Fourteenth Amendments.

For the reasons set forth below, the Court will deny the ineffective assistance of counsel claim on the merits, and will strike the Amendment.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[1] It appears petitioner did not file a direct appeal from his conviction and sentence.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this case, is the Humboldt County Superior Court's order denying petitioner's state habeas petition. (Ans Ex. 8); See Nunnemaker, 501 U.S. at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000).

B.  Petitioner's Claims

   1.  Ineffective Assistance of Counsel

Petitioner contends trial counsel rendered ineffective assistance by coercing petitioner into pleading guilty. (Pet. at 10.) In particular, petitioner argues his trial counsel, Edward Schrock ("Schrock"), failed to inform him about a police report that contained material information. Specifically, on July 9, 1997, two days after one of the victims reported that petitioner had sexually assaulted her, Dave Parris, a detective with the Eureka Police Department, "concluded that there is insufficient evidence to substantiate that the incident

3

occurred." (Pet. Ex. A at 3.).[2] According to petitioner, because trial counsel failed to inform petitioner about Parris's conclusion, petitioner was "coerced" into pleading guilty. (Pet. at 10.) Additionally, petitioner contends that Schrock had a conflict of interest with respect to his representation of petitioner. (Pet. at 14.) The Superior Court denied both ineffective assistance claims, stating there was no evidence to support them. (Ans. Ex. 8 at 1.)

Claims of ineffective assistance of counsel are examined under <u>Strickland v.Washington,</u> 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. <u>Id.</u> at 687-68. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> Where, as here, the petitioner is challenging his guilty plea, the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Womack v. Del Papa</u>, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting <u>Hill</u>, 474 U.S. at 57-59). If, however, the petitioner cannot establish incompetence under the first prong of the <u>Strickland</u> test, it is unnecessary for the court to address the prejudice prong. <u>See Siripongs v. Calderon</u>, 133 F.3d 732, 737 (9th Cir. 1998).

To the extent petitioner's claim is based on an asserted failure to inform petitioner of Parris's report, petitioner's claim is without merit. First, petitioner has not shown trial counsel's performance was deficient. The substantial body of evidence of petitioner's guilt that had been developed by the time counsel advised petitioner to plead guilty made disclosure of the police report unnecessary. Parris wrote the statement in the report on July

---

[2] The exhibits to the Petition are attached thereto. "Exhibits A through L," filed December 15, 2006 in a separate document, are the exhibits to the Traverse.

4

9, 1997, at the preliminary stages of the investigation into petitioner's crimes. After July 1997, investigators gathered substantial additional and corroborative evidence demonstrating that petitioner had sexually assaulted the victims, evidence that led to the filing of a twenty-six count information naming petitioner as the defendant. Given the subsequent development of the case against petitioner, Parris's statement would have been of little, if any, significance to petitioner's defense. Consequently, the Court cannot say trial counsel's failure to reveal the statement or the report to petitioner at the time he advised petitioner as to the plea agreement constituted deficient performance.

Second, even if counsel's failure to discuss the Parris report was deficient, which it was not, petitioner has not shown he was prejudiced as a result. As stated above, there was substantial evidence of petitioner's guilt. If convicted of all twenty-six charges, petitioner faced 290 years of imprisonment. (See Ans. at 6.)[3] Petitioner has not pointed to any defense or the existence of evidence favorable to him that was likely to have resulted in his acquittal of any, let alone a significant number, of the twenty-six charges against him. By pleading guilty under the plea agreement, petitioner was guaranteed and did receive a term of fifteen years-to-life, a dramatically shorter sentence than 290 years. Based on this record, the Court cannot say that trial counsel's asserted failure to tell petitioner about Parris's statement created a reasonable probability that petitioner would not have entered his guilty pleas. In short, petitioner has not shown that the outcome of the proceeding would have been different.

Accordingly, petitioner is not entitled to habeas relief on his ineffective assistance claim to the extent such claim is based on the Parris report.

Petitioner also contends that he received ineffective assistance because Schrock, who represented petitioner at the time he entered his guilty plea and at the time of sentencing, had a conflict of interest; specifically, petitioner asserts, Schrock previously represented one of the victims. (Pet. at 14.) Petitioner misstates the facts. The record shows that defense counsel may have represented one of the victim's mothers. Schrock, in a letter sent to the

---

[3] Petitioner states no disagreement with respondent's calculation.

5

trial court two months before trial, stated: "[A]ccording to my former secretary . . ., I may have represented [victim's] mother [in a juvenile court dependency proceeding]." (Pet. Ex. F.) He went on to state: "I do not presently have access to any files in that matter so I am unaware of whether my prior representation may create difficulties in seeking [information about the victims' juvenile court records]." (Id.)

In order to establish a violation of the Sixth Amendment, a petitioner "who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). An "actual conflict of interest" only occurs when counsel "actively represented conflicting interests." Strickland v. Washington, 466 U.S. at 692. A theoretical or potential conflict is insufficient to constitute actual conflict; instead counsel must have actively represented conflicting interests. Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir. 2001).

This claim likewise is unavailing, for the following reasons. First, petitioner did not raise it in his state habeas petitions, and the claim thus is unexhausted. (Ans. Ex. 6.) Second, the claim fails on its merits.[4] Schrock disclosed to the trial court the fact that he might have represented the victim's mother, and petitioner does not contend he was not timely informed of such possibility. Further, there is no record that petitioner objected to Schrock's continued representation on grounds of conflict.[5] Moreover, the record shows that Schrock had no independent recollection of his prior representation, if any, of anyone connected with the instant case, and that he had no files or notes regarding any such proceeding, nor does the record reflect anything further with respect to any such prior matter. Under the circumstances, petitioner has not shown that trial counsel "actively represented conflicting interests." See Strickland, 466 U.S. at 692.

---

[4] A reviewing federal court may deny a petition on the merits even if it is unexhausted. See 28 U.S.C. § 2254(b)(2).

[5] Although, in his Superior Court petition, petitioner made reference to an earlier hearing regarding a request for change of counsel (Ans. Ex. 6 (Superior Court Pet.) at 8), he has not raised an issue with respect to that hearing in his federal petition, nor has he provided a copy of the hearing transcript or asserted that the matter of counsel's alleged conflict of interest was raised at any such hearing.

Accordingly, petitioner is not entitled to habeas relief on his ineffective assistance claim to the extent such claim is based on an asserted conflict of interest.

2. <u>Amended Petition</u>

As noted above, petitioner has filed an amendment to the petition, in which he asserts a single new claim for relief. Specifically, petitioner contends therein that the trial court violated his Sixth and Fourteenth Amendment rights by imposing a "sentence-elevating enhancement" based on facts that were not admitted by petitioner or found by a jury to be true beyond a reasonable doubt. (Am. to Pet. at 10.) Petitioner bases his claim on the Supreme Court's holding in <u>Cunningham v. California</u>, 549 U.S. 270 (2007), in which the Supreme Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence.

In its April 2007 order denying petitioner's motion for reconsideration, the Court rejected petitioner's attempt to add this claim, stating: "If petitioner wishes to assert in federal court a new claim based on Cunningham, he first must exhaust such claim in the state courts." Petitioner now asks the Court to allow him to add this claim pending exhaustion thereof in state court. For the reasons discussed below, the Court declines to do so.

<u>Cunningham</u> is part of a line of cases following <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In <u>Apprendi</u>, the Supreme Court extended a defendant's right to trial by jury to findings of fact used by the sentencing court to increase a defendant's sentence. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 488-90. Consequently, in keeping with <u>Apprendi</u>, the "statutory maximum" is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04 (2004).

7

In Cunningham, the Supreme Court applied the above reasoning to California's determinate sentencing law ("DSL") and found such sentencing scheme violated the Sixth Amendment because the DSL allowed the sentencing court to impose an elevated sentence based on aggravating facts that the trial court found by a preponderance of the evidence, rather than facts found by a jury beyond a reasonable doubt. Id. at 860, 870-71.

Here, petitioner's proposed new claim is without merit because he admitted to the facts on which the sentencing enhancements were based. As discussed above, if a trial court increases the statutory maximum punishment for a crime, it must do so based on facts found by a jury beyond a reasonable doubt or on facts that have been admitted by the defendant. Here, petitioner not only pleaded guilty to the two charges of child molestation, he also admitted the facts on which the sentencing enhancements were based. (Ans. Ex. 3 (Reporter's Transcript of Plea Entry Hearing, 12/22/00) at 2, 4, 8, 11, 13.) Because petitioner admitted such facts, Cunningham is inapplicable to the instant petition.

Accordingly, the Court denies petitioner's request for leave to file the amendment to his petition and such pleading will be stricken.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. Petitioner's motion to file the amendment to his petition is hereby DENIED, and the amendment is hereby STRICKEN.

This order terminates Docket No. 31.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: July 28, 2008

MAXINE M. CHESNEY
United States District Judge