IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN T. KUTZER, ) | No. C 05-3212 MMC (PR) |
| Petitioner, ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. ) | |
| ROSANNE CAMPBELL, Warden, ) | |
| Respondent. ) | |
| _____ ) | (Docket No. 42) |

On February 13, 2009, the Court denied petitioner's first motion for reconsideration. The Court denied the motion under Federal Rule of Civil Procedure 60(b), and found Rule 59(e) was inapplicable, on the ground the motion was not timely filed. Now before the Court is petitioner's second motion for reconsideration, by which petitioner asks the Court to reconsider his first motion for reconsideration under Rule 59(e).

In the instant motion, petitioner argues his first motion for reconsideration was timely filed under Rule 59(e). Assuming petitioner is correct as to the timeliness of that filing, the motion nonetheless fails.

"Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th

1 Cir. 2001)).

2     Here, petitioner's second motion for reconsideration contains no allegation as to 3 newly-discovered evidence, nor that the Court committed clear error or made an initial 4 decision that was manifestly unjust, or that there was an intervening change in controlling 5 law. Rather, petitioner merely directs the Court's attention to the arguments made in 6 petitioner's first motion for reconsideration, which arguments were fully addressed in the 7 Court's order denying the petition.[1]

8     This order terminates Docket No. 42.

9     IT IS SO ORDERED.

10 DATED: April 14, 2009

11                                        MAXINE M. CHESNEY
                                       United States District Judge

---

[1] Further, to the extent petitioner argues the trial court violated his Sixth Amendment rights under Cunningham v. California, 549 U.S. 270 (2007), such argument fails for the additional reason that petitioner's sentence, including the aggravated term, was imposed pursuant to a binding plea agreement. See, e.g., Allen v. Hubbard, 2009 WL 33315 at *8 (C.D. Cal. 2009) (holding "[o]nce petitioner stipulated to his sentence. . . the court had no obligation to independently justify its imposition of the upper term"; see also Evans v. McDonald, 2009 WL 799317 at *9 (C.D. Cal. 2009) (holding petitioner's "claim regarding upper term sentences fails because he waived his right to a jury trial as part of his plea agreement").